IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22CR271 |
| v. | |
| ORLANDO BREWER, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Orlando Brewer's ("Brewer") *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Filing No. 109).[1] Brewer previously pleaded guilty to one count of conspiring to distribute 50 grams or more of methamphetamine pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement (Filing No. 76). The Court accepted that agreement and, accordingly, sentenced Brewer to an agreed-upon term of 120 months imprisonment. *See* Fed. R. Crim. P. 11(c)(1)(C) (stating the parties' sentence "recommendation or request binds the court once the court accepts the plea agreement"). Brewer is currently serving that sentence at the Federal Prison Camp in Duluth, Minnesota ("FPC Duluth"), and is scheduled to be released in March 2031.

On July 29, 2024, Brewer submitted a request for compassionate release to the warden at FPC Duluth based on concerns with his health. That request was denied about a month later. Soon after, Brewer filed the present motion, explaining his various medical conditions and claiming that he—at least in part—has "been unable to receive proper medical care" at FPC Duluth. *See* 18 U.S.C. § 3582(c)(1)(A) (providing that the defendant may move for compassionate release only after they have "fully exhausted all

---

[1] Brewer's motion sometimes refers to his request as one for "compassionate release." That phrase is frequently used to describe sentence reductions under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Sims*, 87 F.4th 917, 919 (8th Cir. 2023).

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility"). Because Brewer raises potentially colorable grounds for relief,

IT IS ORDERED:

1. The Federal Public Defender for the District of Nebraska is appointed to represent Brewer for the limited purpose of determining whether he should receive sentencing relief.

2. In the event the Federal Public Defender should decline this appointment because of a conflict of interest or on the basis of the Amended Criminal Justice Act Plan, the Federal Public Defender shall provide the Court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Amended Criminal Justice Act Plan for this district.

3. If upon review the Federal Public Defender should conclude that Brewer's motion is frivolous, the Federal Public Defender may move to withdraw as counsel.

4. The United States Probation and Pretrial Services Office is directed to investigate Brewer's compassionate-release request and promptly file under seal a report on that investigation.

5. The probation office is authorized to disclose Presentence Investigation Reports to the Federal Public Defender and the United States Attorney for the purpose of evaluating the motion. Brewer's counsel shall provide the Presentence Investigation Report to any subsequently appointed or retained counsel. In accordance with the policy of the Bureau of Prisons, no Presentence Investigation Report shall be provided to inmates.

6. The government and Brewer's counsel shall each file within ten days of the probation office filing its investigation report a brief addressing Brewer's request for sentencing relief and provide any evidence necessary to the Court's disposition of his motion. Absent an extension, the motion shall be deemed fully briefed and submitted as of that date.

Dated this 2nd day of October 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge